

FILED
U.S. CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 2 5 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD N. MENDEZ,

                            Petitioner,

  - against -

UNITED STATES OF AMERICA,

                            Respondent.
----------------------------------------------------------X

06 CV 1250 (SJ) (JMA)

**MEMORANDUM
& ORDER**

APPEARANCES

RICHARD N. MENDEZ
#55054-053
F.C.I. Ft. Dix
P.O. Box 7000 West
Ft. Dix, New Jersey 08640
Petitioner *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
One Pierrepont Plaza, 15th Floor
Brooklyn, New York 11201
By:   Susan Corkery, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

      Richard N. Mendez ("Petitioner"), acting *pro se*,[1] has petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Presently before the Court is Petitioner's motion, dated February 22, 2006, to vacate, set aside, or correct a sentence

---

[1] The standard for *pro se* petitions is liberally interpreted in favor of the petitioner. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

P-049

pursuant to 28 U.S.C. § 2255. For the reasons stated below, Petitioner's petition is denied.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a request for relief pursuant to § 2255 is generally subject to a one-year statute of limitation. Section 2255 provides, in pertinent part:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255. Petitioner pled guilty on July 5, 2001, and was sentenced on April 23, 2002, to a term of imprisonment of 188 months, five years post-release supervision, and a $200.00 special assessment. Judgment was entered against Petitioner on April 30, 2002. Pursuant to the Federal Rules of Appellate Procedure, a federal criminal defendant has ten days to file a notice of appeal. Fed.R.App.P. 4(b)(1). Petitioner did not file an appeal, and his conviction became final ten days later. See Mosier v. United States, 402 F.3d 116, 118 (2d Cir.2005). Therefore, Petitioner's conviction became

P-049

final on May 14, 2002,[2] and Petitioner's right to collaterally attack his conviction expired on May 14, 2003. The instant motion was not filed until February 22, 2006, and Petitioner has failed to demonstrate that he is entitled to equitable tolling of the statute of limitation. Further, Petitioner cannot rely on any Supreme Court cases that are retroactive in effect. See Coleman v. United States, 329 F.3d 77 (2d Cir.2003) (finding that petitioner raising claim under Apprendi v. New Jersey, 530 U.S. 466 (2000) could not invoke subsection (3) of § 2255 because Apprendi does not apply retroactively). Accordingly, Petitioner's claims are barred by the statute of limitation set forth in AEDPA.

## CONCLUSION

For the above-mentioned reasons, Petitioner's motion is DENIED.

Further, a certificate of appealability will not issue because Petitioner has not made a substantial sh.... ~the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

SO ORDERED.

Dated: September 17, 2007
Brooklyn, New York

/s/(SJ)

Senior U.S.D.J.

---

[2] Pursuant to Federal Rule of Appellate Procedure 26(a)(2), as amended effective December 1, 2002 and as currently enacted, the time for filing a notice of appeal is computed by excluding intermediate Saturdays, Sundays, and legal holidays.

3

P-049